DANIEL G. BOGDEN
United States Attorney

DENIS J. MCINERNEY
Chief, Criminal Division, Fraud Section
U.S. Department of Justice

FRED G. MEDICK
Trial Attorney, Criminal Division, Fraud Section
1400 New York Ave., N.W.
Washington, D.C. 20530
(202) 307-2565

Attorneys for Plaintiff
United States of America

```
                          FILED

                       NOV 29

        UNITED STATES MAGISTRATE JUDGE
              DISTRICT OF NEVADA
        BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **United States of America,**<br><br>   Plaintiff,<br><br>  v.<br><br>**Jawad "Joe" Quassani,**<br><br>   Defendant. | **Criminal Indictment**<br><br>2:11-CR-_405_<br><br>18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud<br>18 U.S.C. § 1343- Wire Fraud<br>18 U.S.C. § 1341- Mail Fraud |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### Conspiracy to Commit Wire Fraud and Mail Fraud

  1. From in or about January 2007, to in or about April 2007, in the State and Federal District of Nevada and elsewhere,

**JAWAD QUASSANI,**

the defendant herein, did knowingly and intentionally combine, conspire, and agree with others known and unknown to the grand jury to commit the crimes of wire fraud and mail fraud, in violation of Title 18, United States Code, Sections 1343 and 1341, respectively.

2. The object of the conspiracy was for the defendant and his co-conspirators, Anita Mathur and Shirjil Qureshi, to obtain mortgage loans fraudulently, in order to keep some of the loan proceeds for their personal and unauthorized use.

3. At all relevant times, the defendant JAWAD QUASSANI was a Nevada-licensed mortgage agent and an employee of Rapid Funding Group.

4. It was part of the conspiracy that QUASSANI and his co-conspirators recruited and caused to be recruited "G.B." to act as the straw buyer for the houses, with Quassani encouraging G.B. to be the straw buyer.

5. It was further part of the conspiracy that QUASSANI and his co-conspirators knowingly and intentionally included and caused to be included materially false and fraudulent representations and omissions identified below, in G.B.'s loan applications, then submitted and caused to be submitted the applications and related documents to lenders, to finance the purchase of homes identified below, with the dates and amounts being approximates.

| Home Address | Closing Information | Misrepresentations and Omissions |
|---|---|---|
| 11748 Raveno Bianco Place, Las Vegas, NV | Date: 3/22/07 Seller: "C.S." Buyer: "G.B." Contract Price: $605,000 Loan: $605,000 Lender: First National Lending Services | 1. False representations of contract price, income, rent, intent to occupy as primary residence; and 2. Failure to disclose to the lender the intent to cause a cash disbursement to Mathur at close of escrow. |
| 34 Moraine Drive, Henderson, NV | Date: 4/06/07 Seller: "D.B." Buyer: "G.B." Contract Price: $825,000 Loan (1): $660,000 Loan (2): 165,000 Lender: First Magnus Financial | 1. False representations of contract price, income, rent, assets, intent to occupy as primary residence; and 2. Failure to disclose to the lender the intent to cause cash disbursements to Mathur and Qureshi at close of escrow. |

6.    It was further part of the conspiracy that QUASSANI acted as the mortgage agent for the purchase of 11748 Raveno Bianco Place, Las Vegas, NV.

7.    It was further part of the conspiracy that QUASSANI gave G.B. a "pre-approval letter" stating that G.B. was qualified for a loan to purchase 11748 Raveno Bianco Place, Las Vegas, NV, and that $60,000 would be disbursed at closing for the construction of a pool on the property, when the defendant then and there knew that a pool would not be constructed on the property and the $60,000 would be disbursed to Mathur's corporation, for Mathur's personal benefit.

8.    It was further part of the conspiracy that QUASSANI caused both properties to be rented.

9.    It was further part of the conspiracy that QUASSANI submitted and caused to be submitted the loan applications for both properties to the lenders, ensuring the loan applications were submitted close enough in time that neither lender would know that G.B. was applying for the other loan.

10.    It was further part of the conspiracy that QUASSANI and his co-conspirators caused the escrow companies to disburse loan proceeds to QUASSANI's co-conspirators for QUASSANI's and his co-conspirators' benefit, and caused these disbursements to be concealed from lenders.

11.    It was further part of the conspiracy that QUASSANI personally delivered the disbursement checks to Mathur.

12.    It was further part of the conspiracy that QUASSANI and his co-conspirators caused documents to be sent by mail, commercial interstate carrier, and facsimile, in interstate commerce, including loan applications, checks from escrow companies, deeds, and other documents.

All in violation of Title 18, United States Code, Section 1349.

3

## COUNTS TWO AND THREE
Wire Fraud

13.    Paragraphs one through twelve of this Indictment are incorporated herein as if set forth in full.

14.    From in or about January 2007, to in or about April 2007, in the State and Federal District of Nevada,

### JAWAD QUASSANI,

defendant herein, and his co-conspirators, Mathur and Qureshi, did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

15.    On or about the dates set forth below, for the purpose of executing the scheme and artifice, the defendant and his co-conspirators did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals, that is, the wire communications described below, for the transactions relating to the properties identified below, with each wire communication constituting a separate violation of Title 18, United States Code, Section 1343.

| Count | Date | Address | Lender | Wire Communication |
|-------|------|---------|--------|--------------------|
| 2 | 3/1/07 | 11748 Raveno Bianco Place Las Vegas, NV | Sierra Pacific Mortgage Company d/b/a First National Lending Services | Loan approval sent via fax from First National Lending Services in California to Rapid Funding Group in Nevada. |
| 3 | 3/17/07 | 11748 Raveno Bianco Place Las Vegas, NV | Sierra Pacific Mortgage Company d/b/a First National Lending Services | Lender's closing instructions sent via fax from Sierra Pacific Mortgage Company in California to Rapid Funding Group in Nevada. |

## COUNTS FOUR AND FIVE
Mail Fraud

16.    Paragraphs one through twelve of this Indictment are incorporated herein as if set forth in full.

17.    From in or about January 2007, to in or about April 2007, in the State and Federal District of Nevada,

### JAWAD QUASSANI,

defendant herein, and his co-conspirators, Mathur and Qureshi, did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises.

18.    On or about the dates set forth below, in the State and Federal District of Nevada and elsewhere, for the purpose of executing the scheme and artifice described above, and attempting to do so, the defendant and his co-conspirators, did deposit and cause to be deposited matters and things to be sent and delivered by a commercial interstate carrier, and did knowingly cause mail matter to be delivered by commercial interstate carrier according to the direction thereon, that is, the mailings identified below, with each mailing constituting a separate violation of Title 18, United States Code, Section 1341:

| Count | Date | Property | Description |
|-------|------|----------|-------------|
| 4 | 3/23/07 | 11748 Raveno Bianco Place Las Vegas, NV | National Alliance Title in Henderson, Nevada, the title company which handled the escrow for the closing of this property, sent a check by Federal Express to pay off seller's mortgage to the payoff unit of GMAC Mortgage Corp. in Louisville, Kentucky. |
| 5 | 4/9/07 | 34 Moraine Drive Henderson, NV | National Alliance Title in Henderson, Nevada, the title company which handled the escrow for the closing of this property, sent a check by Federal Express to pay off seller's mortgage to the payoff department of Countrywide Home Loans, Inc. in Fort Worth, Texas. |

**FORFEITURE ALLEGATION ONE**
**Conspiracy to Commit Wire Fraud and Mail Fraud**

1.   The allegations contained in Count One of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.   Upon conviction of the felony offenses charged in Count One of this Criminal Indictment,

**JAWAD QUASSANI,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1341 and 1343, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1349, conspiracy to commit such offenses, an *in personam* criminal forfeiture money judgment up to $1,430,000.00 in United States Currency.

3.  If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an *in personam* criminal forfeiture money judgment up to $1,430,000.00 in United States Currency.

6

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1341 and 1343, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7) and 1961(1)(B); Title 18, United States Code, Section 1349; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
### Conspiracy to Commit Wire Fraud and Mail Fraud

1. The allegations of Count One of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the felony offenses charged in Count One of this Criminal Indictment,

### JAWAD QUASSANI,

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1341 and 1343, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1349, conspiracy to commit such offenses, an *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant –

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

7

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A); and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION THREE
#### Wire Fraud

1.    The allegations of Counts Two and Three of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    Upon a conviction of the felony offenses charged in Counts Two and Three of this Criminal Indictment,

### JAWAD QUASSANI,

defendant herein, shall forfeit to the United States of America, any property which constitutes, or is derived from, proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or conspiracy to commit such offenses for an *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

3.    If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant-

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

8

e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION FOUR
#### Wire Fraud

1.    The allegations of Counts Two and Three of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

2.    Upon a conviction of the felony offenses charged in Counts Two and Three of this Criminal Indictment,

### JAWAD QUASSANI,

defendant herein, shall forfeit to the United States of America, any property which constitutes, or is derived from, proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or conspiracy to commit such offenses for an *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

3.    If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant-

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION FIVE
### Mail Fraud

1.    The allegations of Counts Four and Five of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    Upon a conviction of the felony offenses charged in Counts Four and Five of this Criminal Indictment,

### JAWAD QUASSANI,

defendant herein, shall forfeit to the United States of America, any property which constitutes, or is derived from, proceeds traceable to violations of Title 18, United States Code, Section 1341, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or conspiracy to commit such offenses for an *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

3.    If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant-

a.    cannot be located upon the exercise of due diligence;

10

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1341, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION SIX
### Mail Fraud

1.    The allegations of Counts Four and Five of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

2.    Upon a conviction of the felony offenses charged in Counts Four and Five of this Criminal Indictment,

### JAWAD QUASSANI,

defendant herein, shall forfeit to the United States of America, any property which constitutes, or is derived from, proceeds traceable to violations of Title 18, United States Code, Section 1341, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or conspiracy to commit such offenses for an *in personam* criminal forfeiture money judgment of $1,430,000.00 in United States Currency.

3.    If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant-

11

1          a.       cannot be located upon the exercise of due diligence;

2          b.       has been transferred or sold to, or deposited with, a third party;

3          c.       has been placed beyond the jurisdiction of the court;

4          d.       has been substantially diminished in value; or

5          e.       has been commingled with other property that cannot be divided without

6                   difficulty;

7    it is the intent of the United States of America, pursuant to Title 21, United States Code, Section

8    853(p), to seek forfeiture of any properties of the defendant for the *in personam* criminal forfeiture

9    money judgment of $1,430,000.00 in United States Currency.

10         All pursuant to Title 18, United States Code, Section 982(a)(2)(A); Title 18, United

11   States Code, Section 1341, a specified unlawful activity as defined in Title 18, United States Code,

12   Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

13

14         **DATED**: this *29* day of November, 2011.

15         **A TRUE BILL:**

16

17                                    /s/
                               FOREPERSON OF THE GRAND JURY

18

19   DANIEL G. BOGDEN
     United States Attorney

20

21   DENIS J. MCINERNEY
     Chief, Fraud Section, Criminal Division
     U.S. Department of Justice

22

23

24   FRED G. MEDICK
     Trial Attorney, Fraud Section, Criminal Division

25   U.S. Department of Justice

26