PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 005254
CHRISTIANSEN LAW OFFICES
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129
Tel: (702) 240-7979
Fax: (702) 658-3848
***Attorney for Defendant Quassani***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:11cr-00409-LRH-CWH |
| Plaintiff, | |
| vs. | |
| JAWAD "JOE" QUASSANI, | **DEFENDANT'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE IMPROPER USE AT TRIAL OF FBI FORM 302 MEMORANDA** |
| Defendant. | |

JAWAD "JOE" QUASSANI, by and through his counsel, PETER S. CHRISTIANSEN, ESQ. of CHRISTIANSEN LAW OFFICES, hereby submits *Defendant's Opposition to Motion in Limine to Exclude Improper Use at Trial of FBI Form 302 Memoranda*.

This opposition is made and based upon the pleadings and papers on file herein, the memorandum of points and authorities, and any oral argument which may be entertained at the time of the hearing on this matter.

Dated this 1st day of February, 2013.

CHRISTIANSEN LAW OFFICES

By _____
PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No.: 005254
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129

CHRISTIANSEN LAW OFFICES
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129
702-240-7979 • Fax 702-658-3848

- 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIANSEN LAW OFFICES
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129
702-240-7979 • Fax 702-658-3848

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**FACTS**

On November 29, 2011, Defendant Jawad "Joe" Quassani was charged by way of Indictment with Conspiracy to Commit Wire Fraud and Mail Fraud in violation of 18 USC § 1349, Wire Fraud in violation of 18 USC § 1343, and Mail Fraud in violation of 18 USC § 1341. These allegations arise from an incident whereby Mr. Quassani allegedly submitted fraudulent loan applications for the purchase of two properties in Las Vegas and Henderson, Nevada. At the time of the purchases, Mr. Quassani was a mortgage agent for Rapid Funding Group.

The Government has chosen to prosecute Mr. Quassani based on the veracity of three admitted perjurers: "GB," Anita Mathur and Shirjil Quereshi. Alleged co-conspirators, Quereshi and Mathur, have plead guilty for their roles in the conspiracy, admitting they falsified loan documents and pocketed the profit. "GB" was the buyer/applicant who falsified his own loan application for both properties, lying about his income and assets, all under the penalty of perjury in an effort to "flip" the subject properties for a quick profit. The Government has chosen not to prosecute "GB" despite his felonious conduct.

The prosecution's case relies heavily on the credibility of the two alleged co-conspirators, who admitted they both initiated the fraud, profited from the fraud, and needed somebody to shift the blame to in order to attempt to minimize their involvement. The Government has no real evidence that Mr. Quassani profited from the scheme or that he was aware of the scheme, aside from the conflicting stories of the alleged co-conspirators, Quereshi and Mathur. Unlike most mortgage fraud cases, the case at hand involves two properties purchased by a single buyer ("GB") with the aid of two persons, Quereshi and Mathur, who both admitted to taking the funds in question.

Mr. Quassani twice met with the FBI and provided all requested documents in the investigation of "GB," Quereshi and Mathur, only to have those "targets" attempt to use him as a scape goat to escape prosecution.

<div style="text-align: left; writing-mode: vertical">
**CHRISTIANSEN LAW OFFICES**
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129
702-240-7979 • Fax 702-658-3848
</div>

## II.

## LEGAL ARGUMENT

**A.   The Government's Motion in Limine to Exclude FBI 302 Reports Should be Denied Because They are Discoverable Under the Jencks Act**

The Government is requesting this Court restrict the use of writings by FBI agents summarizing witness statements, known as 302 reports, at trial.  This request is premised on the notion that 302 reports are not discoverable under the Jencks Act.  However, the Government provides authority contrary to its position by citing authority that states a 302 report is discoverable if it is "'a written statement made by said witness and signed or otherwise adopted and approved by him'; a recording or transcription that 'is substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously.'" 18 U.S.C. § 3500(e). [Doc. 37, p.2]    These witnesses have promised to tell the truth when speaking to FBI agents, and the typewritten 302 reports are purported to be accurate summaries of the witnesses' statements.  Some of the witnesses interviewed will testify at trial.

In arguing the subject 302 reports in this case are not discoverable, the Government concedes the 302 reports are evidence of the Government generating false 302 reports. If the 302 reports were not compliant with the Jencks Act, then why produce them? In other words, in producing the 302 reports to the Defendant, the Government concedes the statements generated by law enforcement were something other than ""'a written statement made by said witness and signed or otherwise adopted and approved by him'; a recording or transcription that 'is substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously.'" 18 U.S.C. § 3500(e). [Doc. 37, p.2]  The subject 302 reports complied with 18 U.S.C. § 3500(e), and were therefore produced.  Consequently, the Government's Motion must be denied.

**B.   The FBI 302 Reports Are Admissible**

The Government argues FBI 302s are not admissible, even for impeachment.  However, in general, the scope of cross-examination should be limited to the subject matter of direct examination and credibility of the witness. Fed. R. Evid. At 611(b).  Inquiry into additional

- 3 -

matters as though on direct may be permitted in the discretion of the court.  The defendant's

right to cross-examination arises from the Confrontation Clause, and is constitutional in nature.

Pointer v. Texas, 380 U.S. 400, 401 (1965).  Cross-examination questions may be precluded if

the proponent cannot establish a good-faith basis.  United States v. Conception, 983 F.2d 369,

391 (2d Cir. 1992).

When a defendant testifies in his case-in-chief, some courts hold that under the doctrine

of "specific contradiction" the government may introduce otherwise inadmissible evidence to

disprove the allegedly false statement.  See, e.g., United States v. Crocket, 435 F.3d 1305, 1313

(10th Cir. 2006)

The scope of redirect examination is generally limited by the cross-examination.  United

States v. Riggi, 951 F.2d 1368 (3d Cir. 1991).  When new material is brought out on redirect

however, prohibition of re-cross may violate a defendant's right to confrontation.  Id. at 1375-

76.

Here, the FBI 302 reports are admissible for impeachment so long as the Court allows

the Defendant to introduce the 302 report and the witness has an opportunity to adopt the

information contained therein.  See, United States v. Brika, 416 F.3d 514, 529 (6th Cir. 2005);

United States v. Leonardi, 623 F.2d 746, 757 (2d Cir. 1980); United States v. Hill, 526 F.2d

1019, 1026 (10th Cir. 1975).

The Leonardi Court recognized that "third party's summary of witness' statements may

be used as prior consistent statement where witness has previously adopted the document as his

own." Id.; citing, United States v. Rubin, 609 F.2d 51, 62 (2d Cir. 1979).

Here, the Defendant intends to allow all witnesses he cross-examines to be shown their

302 report and be given the opportunity to adopt or reject it. Therefore, the Government's

Motion must be denied.

/ / /

/ / /

/ / /

CHRISTIANSEN LAW OFFICES
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129
702-240-7979 • Fax 702-658-3848

**III.**

**CONCLUSION**

Therefore, based upon the foregoing, Mr. Quassani requests this Honorable Court deny the Government's Motion in Limine to Exclude Improper Use at Trial of FBI Form 302 Memoranda.

Dated this 1st day of February, 2013.

CHRISTIANSEN LAW OFFICES

By _____
PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No.: 005254
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129

CHRISTIANSEN LAW OFFICES
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129
702-240-7979 • Fax 702-658-3848

- 5-

CHRISTIANSEN LAW OFFICES
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129
702-240-7979 • Fax 702-658-3848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of February, 2013, the undersigned served the foregoing *Defendant's Opposition to Motion in Limine to Exclude Improper Use at Trial of FBI Form 302 Memoranda* on all counsel herein by causing a true copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order.

_____
*Whitney Foltz*
An employee of CHRISTIANSEN LAW OFFICES