**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | )    2:11-CR-409-LRH-(CWH) |
| JAWAD "JOE" QUASSANI, | ) |
| Defendant. | ) |

**ORDER OF FORFEITURE**

This Court finds that on July 10, 2013, defendant JAWAD "JOE" QUASSANI was found guilty on Counts One through Five of a Five-Count Criminal Indictment charging him in Count One with Conspiracy to Commit Wire Fraud and Mail Fraud in violation of Title 18, United States Code, Sections 1341, 1343, and 1349; in Counts Two and Three with Wire Fraud in violation of Title 18, United States Code, Section 1343; and in Counts Four and Five with Mail Fraud in violation of Title 18, United States Code, Section 1341. Criminal Indictment, ECF No. 1; Jury Trial Minutes, ECF No. 83; Jury Verdict, ECF No. 89.

On September 11, 2013, the United States of America ("United States") filed a Proposed Order of Forfeiture (ECF No. 110). On December 13, 2013, the United States filed a Motion for the District Court to Enter the Order of Forfeiture (ECF No. 110) as to Defendant Jawad Quassani (ECF No. 116). On December 18, 2013, Jawad "Joe" Quassani filed an Opposition to Motion for Forfeiture o[f] Property (ECF No. 118). On December 24, 2013, the United States filed a Reply to Quassani's Opposition (ECF No. 118) to Motion (ECF No. 116) for the District Court to enter the Order of Forfeiture as to Defendant

Jawad Quassani (ECF No. 119).  On January 16, 2014, Quassani and the United States agreed to the forfeiture hearing at the sentencing and presented oral arguments regarding the criminal forfeiture money judgment amount pursuant to Fed. R. Crim. P. 32.2(b)(1)(B), (b)(2)(B), and (b)(4).

Based on the trial, the trial exhibits, the testimony, the motion, response, reply, oral argument, and good cause shown,

This Court finds that (1) the entry of the criminal forfeiture money judgment is mandatory; (2) the district court does not have discretion to refuse to enter the criminal forfeiture money judgment; (3) the district court determines the amount of the criminal forfeiture money judgment; (4) the amount of the criminal forfeiture money judgment is the amount of the original loans; (5) if the crime is a conspiracy, the criminal forfeiture money judgment amount is the total amount of all the original loans obtained by the conspiracy as a whole; (6) the criminal forfeiture is separate from, is distinct from, and is in addition to fines, loss, restitution, and supervised release; (7) the criminal forfeiture money judgment is not reduced or eliminated because of restitution; (8) the defendant personally profited very little or that the banks eventually recovered part of the loan principals; (9) a criminal forfeiture money judgment amount is supported by relevant and reliable evidence; and (10) the criminal prosecutor has discretion regarding the criminal forfeiture. Fed. R. Crim. P. 32.2; *United States v. Newman*, 659 F.3d 1235, 1239-40 (9th Cir. 2011); *United States v. Casey*, 444 F.3d 1071, 1076 (9th Cir. 2006); *United States v. Monsanto*, 491 U.S. 600, 607 (1989); *United States v. Phillips*, 704 F.3d 754 (9th Cir. 2012); *United States v. Boulware*, 384 F.3d 794, 813 (9th Cir. 2004); *United States v. Bilyeu*, 473 F. App'x 753, 754, 2012 WL 1942846, 1 (9th Cir.), *cert. denied*, *Bilyeu v. United States*, -- U.S. --, 133 S. Ct. 461 (2012); *In re Stake Center Locating, Inc., v. United States District Court for the District of Nevada*, 731 F.3d 949 (9th Cir. 2013).

This Court finds the total amount of the original loans is $1,430,000. Admitted Trial Exhibits 102, 107, 108, 109,110, 113, 118, 119, 127, 202, 211, 212, 217, 218, 223, 228, 229, and 306 and the credible Trial Testimony.

This Court finds that JAWAD "JOE" QUASSANI shall pay a criminal forfeiture money judgment of $1,430,000 in United States Currency to the United States of America, pursuant to Fed. R. Crim. P.

32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p).

This Court finds that the restitution to the victim of $113,000 will be paid before the criminal forfeiture money judgment will be paid. 18 U.S.C. § 3612(c) (explaining that "Any money received from a defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence: penalty assessment, restitution of victims, other fines, penalties, costs and other payment required under the sentence."); *Newman*, 659 F.3d at 1241 n5 (explaining that "restitution to the victim takes priority over criminal forfeiture to the government. *Cf.* 18 U.S.C. § 3664(i) ("In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.").")

This Court finds that the United States may substitute and forfeit assets of Defendant JAWAD "JOE" QUASSANI under Fed. R. Crim. P. 32.2(e) and Title 21, United States Code, Section 853(p) as long as the forfeited assets are to be used to pay the victim under the restoration procedures, Title 21, United States Code, Section 853(i).

This Court finds that after substitutions and forfeitures occur and when the United States uses the forfeited assets to pay the victim, the United States steps into the shoes of the victim, which then requires the defendant to pay the United States for the forfeited funds used to pay the victim's restitution. *United States v. Bright*, 353 F.3d 1114, 1122 (9th Cir. 2004) (explaining that "Even if [the forfeited funds are paid to the victim], Bright would not get an offset, because the government would step into the victims' shoes as a subrogee of their restitution claims against Bright.").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the restitution to the victim of $113,000 will be paid first before the criminal forfeiture money judgment of $1,430,000 will be paid.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States recover from JAWAD "JOE" QUASSANI a criminal forfeiture money judgment in the amount of $1,430,000 in United States Currency.

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States may

2    substitute and forfeit assets of Defendant JAWAD "JOE" QUASSANI under Fed. R. Crim. P. 32.2(e)

3    and Title 21, United States Code, Section 853(p) as long as the forfeited assets are used to pay the victim

4    under the Restoration Procedures, Title 21, United States Code, Section 853(i).

5    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that after substitutions and

6    forfeitures occur and when the United States pays the victim with forfeited assets, the United States steps

7    into the shoes of the victim and the defendant will pay the United States for the forfeited funds used to

8    pay the victim's restitution.

9

10   _____

11   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

12   DATED: this 21st day of January, 2014.

13

14

15

16

17

18

19

20

21

22

23

24

25

26