UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | 2:11-CR-0409-LRH-CWH |
| v. ) | |
| JAWAD "JOE" QUASSANI, ) | ORDER |
| Defendant. ) | |

Before the court is defendant Jawad "Joe" Quassani's ("Quassani") motion for bail pending appeal. Doc. #133.[1] The United States filed an opposition (Doc. #134) to which Quassani replied (Doc. #135).

**I.    Facts and Procedural History**

On November 29, 2011, Quassani was charged in a five (5) count criminal indictment with one (1) count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349; two (2) counts of wire fraud in violation 18 U.S.C. § 1343; and two (2) counts of mail fraud in violation of 18 U.S.C. § 1341. Doc. #1. On July 10, 2013, after a jury trial, Quassani was convicted on all five counts. Doc. #89.

On January 16, 2014, Quassani was sentenced to thirty seven (37) months incarceration. *See*

---

[1] Refers to the court's docket number.

Doc. #127. On January 24, 2014, he appealed both his conviction and sentence. Doc. #128. Thereafter, Quassani filed the present motion for bail pending appeal. Doc. #133.

## II.   Discussion

A defendant may be released on bail pending an appeal if the court finds by clear and convincing evidence that: (1) the defendant is not likely to flee or pose a danger to the community; and (2) the appeal raises a substantial question of law or fact likely to result in a reversal or an order for a new trial. *See* 18 U.S.C. § 3143(b)(1). A substantial question is one that is "fairly debatable." *United States vs. Handy,* 761, F.2d 1279, 1282 (9th Cir. 1985).

Here, as to the first factor, the court finds that Quassani is not likely to flee or pose a danger to the community. First, Quassani's wife and two young children reside in Nevada. Further, Quassani has no prior criminal history and was released on bond pending trial. While on pre-trial release, Quassani fully co-operated with pre-trial services and, as a result of his behavior, was granted sixty (60) days to self-surrender and get his affairs in order after sentencing. *See* Doc. #127. Finally, the court notes that the government acknowledges in its opposition that "Quassani is not a flight risk or a danger to the community." Doc. #134, p.4. Therefore, the court finds that Quassani is not likely to flee the court's jurisdiction and is not a threat to public safety if released pending his appeal.

However, as to the second factor, the court finds that Quassani has failed to show that his appeal raises a substantial question of law or fact likely to result in a reversal or order for a new trial. In his motion, Quassani alleges four separate substantial questions that he argues are likely to result in a reversal or new trial: (1) presumption that the guideline sentence was reasonable; (2) insufficient evidence to support the amount of loss enhancement; (3) failure to apply a minor role adjustment; and (4) insufficient evidence to support materiality. *See* Doc. #133. The court shall address each argument below.

///

**A. Guidelines**

In his motion, Quassani alleges that the court impermissibly presumed that the guideline range was reasonable and gave more weight to the sentencing guideline range than any other sentencing factor. *See* Doc. #133.

In support of his argument, Quassani merely cites the court's reference to the guidelines in determining his sentence. Quassani appears to argue that the court's use of the sentencing guidelines as a starting point for determining his sentence - and the court's ultimate decision to issue a sentence within those guidelines - is tantamount to improperly "presuming" the guidelines were appropriate. Quassani's argument is without merit. The court merely accepted and adopted the factual findings of the presentence report to reach the calculated guideline range as a starting point for determining his sentence.

At sentencing, and in contrast to Quassani's argument, the court recognized and considered all the Section 3553(a) factors in effectuating a sentence for Quassani that was sufficient, but not greater than necessary. In particular, the court examined the nature and circumstances of the underlying offenses, observed that Quassani was an integral part in the conspiracy to defraud, and had engaged in the knowing, intentional concealment and misrepresentation of material information in filing the submitted load application. The court also considered Quassani's lack of criminal history, the sentencing disparity between the other co-defendants who had cooperated from the beginning, pled guilty, and ultimately testified against Quassani at trial. Finally, the court considered Quassani's family background and family characteristics. The court's ultimate determination that an appropriate sentence fell at the low end of the calculated guideline range does not support Quassani's conclusion that the court failed to consider other factors in its sentencing determination. Therefore, the court finds that Quassani has failed to raise a substantial question for appeal as to this issue.

///

### B. Amount of Loss

In his second argument, Quassani contends that it was error for the court to apply a $400,000 amount of loss enhancement to the sentencing calculations - which significantly increased his total offense level - because the government failed to prove that the amount of loss was greater than $400,000. *See* Doc. #133.

Once again, the court finds that Quassani's argument is without merit. The amount of loss assessed in sentencing calculations is the amount of loss caused by the defendant's fraudulent actions. In an action involving fraudulent conduct in the procurement of a loan, the amount of loss is measured by the outstanding principal balance owing on the defaulted loan, minus the actual amount of money received by the lender. At trial, the government introduced sufficient evidence in the form of loan documents and publicly recorded documents to show that as a result of Quassani's conduct, two loans were procured in the amount of $605,000 and $650,000. Further, that evidence was sufficient to establish that the actual money received by the lenders when the properties were eventually sold was only roughly half of the total principal balances owed. Thus, the court finds that the government met its burden to show that the amount of loss was over $400,000. Therefore, the application of the sentencing enhancement corresponding to a $400,000 amount of loss was appropriately applied in this action and Quassani has failed to raise a substantial question for appeal as to this issue.

### C. Minor Role Adjustment

Quassani's third argument is that the court erred in denying a minor role adjustment to his sentencing calculation under Section 3B1.2 of the sentencing guidelines. Specifically, he argues that the court should have applied the minor role participant adjustment as his conduct was less culpable than that of his co-defendants.

Under the sentencing guidelines, a "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2

cmt. n.5. The determination whether to apply this adjustment "is heavily dependent upon the facts of the particular case." *Id*. cmt. n.3.(c).

The court has reviewed the documents and pleadings on file in this matter and disagrees with Quassani's interpretation of his participation in the fraudulent loan scheme that led to his conviction on five separate counts. At sentencing the court found that Quassani "was an integral part in the conspiracy" because he knowingly created false documents, including preparing and submitting a false loan application: conduct without which it would have been impossible to effectuate the scheme to defraud. Doc. #132, p.51. Moreover, Quassani worked with the other defendants to facilitate the submission of another false loan application and worked to ensure that his conduct was not detected by retaining a property manager to place renters in the properties. Based on all of Quassani's conduct, the court properly found that he was "a primary participant in the commission of the offense." *Id*. p.51-52. A minor role adjustment under these factual circumstances was not appropriate. Therefore, the court finds that Quassani has failed to raise a substantial question for appeal on this issue.

**D.  Materiality**

Quassani's final argument is that the government failed to prove materiality on Counts I and V of the criminal indictment. *See* Doc. #133. However, the parties stipulated at trial to the materiality of Quassani's misrepresentations on the loan documents. A stipulation by the parties is sufficient to establish materiality as to those claims. Therefore, Quassani has failed to raise a substantial question for appeal as to this issue. Accordingly, the court finds that Quassani has failed to meet his burden to show a substantial question of law in this action likely to result in a reversal or order for new trial and the court shall deny his motion for bail pending appeal.

///

///

///

1   IT IS THEREFORE ORDERED that defendant's motion for bail pending appeal
2 (Doc. #133) is DENIED.
3   IT IS SO ORDERED.
4   DATED this 10th day of March, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE