UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAWAD "JOE" QUASSANI,

Defendant.

Case No. 2:11-cr-00409-LRH-CWH

ORDER

Defendant Jawad "Joe" Quassani moves to dismiss his counsel and appoint new counsel and also moves the court to reconsider its denial of his 28 U.S.C. § 2255 petition. ECF Nos. 190, 194. The government opposed Quassani's motion for new counsel, to which no reply was filed. ECF No. 192. After considering the parties' arguments, the court dismisses both of Quassani's motions for lack of jurisdiction.

**I.   BACKGROUND**

Quassani was convicted of one count of conspiracy to commit wire fraud and mail fraud under 18 U.S.C. § 1349, two counts of wire fraud under 18 U.S.C. § 1343, and two counts of mail fraud under 18 U.S.C. § 1341. ECF No. 89. He was sentenced to a thirty-seven-month term of imprisonment as a result. ECF No. 127. On appeal, the Ninth Circuit affirmed both his conviction and his sentence. ECF Nos. 142, 146; *United States v. Quassani*, 593 Fed. App'x 627 (9th Cir. 2014). Quassani then filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. ECF No. 149. After holding an

1 evidentiary hearing, the court denied the petition and denied Quassani a certificate of
2 appealability. ECF Nos. 155, 188.

Despite being denied a certificate of appealability and failing to seek authorization from the Ninth Circuit to file additional petitions, Quassani filed two additional motions. He first moves to dismiss his current counsel and appoint a third court-appointed counsel to assist in further defending his case on its merits. ECF No. 190. Second, he moves for the court to reconsider the denial of his 28 U.S.C. § 2255 petition. ECF No. 194. The government opposed the motion for new counsel, arguing it serves as a successive habeas petition that was filed without authorization. ECF No. 192.

## II.   LEGAL STANDARD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the filing of a successive 28 U.S.C. § 2255 petition unless the movant can demonstrate (1) a new rule of constitutional law or (2) "that no reasonable factfinder would have found [the movant] guilty of the offense." 28 U.S.C. §§ 2255(h)(1)–(h)(2). Federal Rule of Civil Procedure 60(b)—which allows a court to grant a party relief from a final judgment or order—"applies in habeas corpus proceedings under [28 U.S.C. § 2255] only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (holding that *Gonzalez* applies to Rule 60(b) motions brought in 28 U.S.C. § 2255 proceedings).

To determine if a Rule 60(b) motion is inconsistent with the federal statutory provisions and rules applied to 28 U.S.C. § 2255 proceedings, a court first must determine whether the motion contains a "claim." *Id.* (citing *Gonzalez*, 545 U.S. at 530). In this context, a claim includes the presentation of new evidence to support a claim previously litigated. *Gonzalez*, 545 U.S. at 531. If the motion contains a claim, the court must treat it as a successive 28 U.S.C. § 2255 petition. *Buenrostro*, 638 F.3d at 722; *see also Gonzalez*, 545 U.S. at 531 (stating a Rule 60 motion "that seeks vindication of [a substantive claim for habeas relief] is, if not in substance a 'habeas corpus application,' at least similar enough to subject it" to the additional restrictions applied to successive habeas petitions).

A district court must dismiss successive habeas petitions for lack of jurisdiction if the petitioner fails to obtain authorization to file from the appropriate court of appeals. *Burton v. Stewart*, 549 U.S. 147, 149 (2007); *see also U.S. v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (requiring certification pursuant to 28 U.S.C. § 2244 for a successive petition under 28 U.S.C. § 2255).

**III.    DISCUSSION**

Quassani seeks reconsideration of the denial of his 28 U.S.C. § 2255 petition and the appointment of a new court-appointed counsel to aid him in further defending his case, presenting evidence that allegedly was not presented at his trial or at his subsequent evidentiary hearing. ECF Nos. 190, 194. Because both of Quassani's motions ultimately seek relief from the court's denial of his 28 U.S.C. § 2255 petition, the court construes both motions as Rule 60(b) motions. Accordingly, under *Gonzalez*, Quassani's motions must apply in a manner that is not inconsistent with the applicable federal statutory provisions and rules.

The court begins by determining whether Quassani's motions include a "claim" as defined in the context of 28 U.S.C. § 2255 proceedings. Quassani asserts a claim because he presents evidence to support his original ineffective-assistance-of-counsel claim. But his ineffective-assistance-of-counsel claim was previously litigated by way of his original 28 U.S.C. § 2255 petition and the related evidentiary hearing. After the court dismissed the claim, Quassani filed the instant motions. The court must therefore treat the instant motions as successive 28 U.S.C. § 2255 petitions.

The court next considers whether Quassani's motions apply in a manner that is consistent with the applicable federal statutory provisions and rules. They do not. Quassani failed to obtain authorization from the Ninth Circuit to file a successive petition under 28 U.S.C. § 2255. The court therefore lacks jurisdiction to consider the unauthorized motions and dismisses them accordingly.

The rules governing 28 U.S.C. § 2255 proceedings require a district court to issue or deny a certificate of appealability when entering a final order adverse to the applicant. 28 U.S.C. § 2255 Governing Rule 11(a). A petitioner must receive a certificate of appealability in order to

3

proceed with an appeal. 28 U.S.C. § 2253(c)(1). To receive a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

No reasonable jurist would find that the court's dismissal of Quassani's successive petitions debatable. The court therefore denies Quassani a certificate of appealability.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that defendant Jawad "Joe" Quassani's motion to dismiss counsel and appoint new counsel (ECF No. 190) is **DISMISSED** for lack of jurisdiction.

IT IS FURTHER ORDERED that defendant Jawad "Joe" Quassani's motion to reconsider denial for defendant's § 2255 petition (ECF No. 194) is **DISMISSED** for lack of jurisdiction.

IT IS FURTHER ORDERED that Defendant Jawad "Joe" Quassani is **DENIED A CERTIFICATE OF APPEALABILITY**.

IT IS SO ORDERED.

DATED this 13th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE